IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND, NORTHERN DIVISION

| | |
|---|---|
| PATRICIA R. SMITH, on behalf of herself and others similarly situated, 7 Monhegan Court, Nottingham, Baltimore County, Maryland 21236 )<br><br>Plaintiff, )<br><br>v. )<br><br>THRIFT STORES OF WASHINGTON, D.C., INC. ) d/b/a THRIFT STORES INCORPORATED d/b/a EDGEWOOD THRIFT 3424 Eastern Avenue Baltimore, Maryland  21224<br><br>**Serve Resident Agent:** Bruce Cohn 3424 Eastern Avenue Baltimore, Maryland  21224<br><br>Defendant. | CIVIL ACTION NO. _____ |

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

Patricia R. Smith, (hereinafter referred to as "Plaintiff" or "Smith") on behalf of herself and all members of the class described in this complaint, by and through her undersigned counsel sue the Defendant, Thrift Stores of Washington, D.C., Inc. (hereinafter referred to as "Defendant" or "Thrift") a body corporate of the District of Columbia, qualified to conduct business in the State of Maryland and complains and states as follows:

## PRELIMINARY STATEMENT

1. This consumer class action is based upon Defendants' continuing violation(s) of section 1681c(g) of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.,* (hereinafter "FCRA")

and the Fair and Accurate Credit Transactions Act (hereinafter "FACTA"). This section of the FCRA is designed to combat the rising tide of identity theft taking place throughout the nation. It requires entities/individuals including Thrift, that accept credit and debit cards to truncate the credit card number and expiration date information printed on each sale and/or debit receipt. This practice reduces an identity thief's ability to obtain valuable account identifying data relating to a consumer. Notwithstanding the steps necessary to comply, and after abundant notice, Defendant Thrift fails to comply with the FCRA and FACTA. Therefore, consumers who purchase merchandise from Thrift do not receive the benefit of either FCRA and/or FACTA and are burdened with an elevated risk of identity theft.

## JURISDICTION AND VENUE

2. This court possesses subject matter jurisdiction over this Complaint pursuant to the provisions contained in 28 U.S.C. §1331 and 15 U.S.C. §1681p.

3. Venue in this district is proper as Plaintiff is a resident of the State of Maryland.

## PARTIES

4. Plaintiff, Patricia Smith (hereinafter "Plaintiff") is a natural person, a citizen of Maryland and a "consumer" as that term is defined by 15 U.S.C. § 1681a(c), who resides in the Nottingham area of Baltimore County, Maryland.

5. Defendant, Thrift Stores of Washington, D.C., Inc. (hereinafter referred to as "Defendant" or "Thrift") was incorporated under the laws of the District of Columbia on or about May 3, 1976 and on or about December 11, 2008 it qualified itself to conduct business in the State of Maryland. It is engaged in business and is known as "Edgewood Thrift". Defendant's principal office is located at 3424 Eastern Avenue, Baltimore, Maryland 21224.

6. It is the good faith belief of Plaintiff that the class is composed of thousands of citizens who patronize Thrift.

7. In addition to the Maryland site, Defendant has additional store locations in the states of, Texas, Delaware, Virginia, Oklahoma, Pennsylvania and the District of Columbia.

**STATUTORY HISTORY**

8. In 2003, the Fair and Accurate Credit Transactions Act ("FACTA") was enacted by Congress and signed into law by President George W. Bush. One of FACTA's primary purposes was to amend the FCRA through the addition of identity theft protections for consumers.

9. One FACTA provision was specifically designed to thwart the ability of identity thieves' to gain sensitive information pertaining to a consumer's credit or debit account from a receipt which the consumer discards or loses. Codified at 15 U.S.C. § 1681c(g), this provision (hereinafter referred to as "Receipt Provision") provides:

> Except as otherwise provided in this subsection, no person that accepts credit or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

10. FACTA was enacted on December 4, 2003. It became effective 3 years from that date for any cash register or other machine or device that electronically prints receipts for credit or debit card transactions ("Devices") that was in use before January 1, 2005 and 1 year for Devices put into use after January 1, 2005. 15 U.S.C. §1681c(g)(3).

11. In anticipation of the December 4, 2006, deadline, many credit card companies, including but not limited to VISA and MasterCard, advised companies of the necessity for compliance with the Receipt Provision. Additionally, many credit card companies, such as VISA and Mastercard, implemented policies well in advance of the effective date to ensure the

12. In May of 2007 the Federal Trade Commission ("FTC") issued an FTC Business Alert titled "Slip Showing Federal Law Requires All Businesses to Truncate Credit Card Information on Receipts" ("Alert"). The Alert explicitly stated, "You may include no more than the last five digits of the card number, and you must delete the card's expiration date. For example, a receipt that truncates the credit card number and deletes the expiration date could look like this:

ACCT: ***********12345; EXP: ****"

The Alert even goes on to state, "Why is it important for businesses to comply with this law? In addition, the law allows consumers to sue businesses that don't comply and to collect damages and attorney fees."

13. The FCRA provides that any "person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to 1) statutory damages of not less than $100 and not more than $1,000; 2) punitive damages; and, 3) attorney fees and costs." 15 U.S.C. § 1681n(a).

14. In May 2008 Congress granted partial amnesty to violators printing expiration dates on receipts. It enacted legislation such that printing expirations dates on receipts does not amount to a willful violation of the law from Dec. 4, 2004, to the passing of the law on May 20, 2008.


15. Industry experts have issued multiple bulletins in its publications that warn merchants like Defendant of the FACTA requirements and potential liability for non-compliance.

16. Defendant possessed actual knowledge of FACTA and truncated some of the information from the card holder's receipt but failed to redact the expiration date. (See **Exhibits 1, 2, and 3** attached hereto and incorporated herein by reference.)

17. Upon information and belief, Defendant hired a point of sale software vendor who provided Defendants with warnings and information of FACTA compliance and specifically truncation of expiration dates on credit card receipts.

18. Upon information and belief, Defendant hired a point of sale credit card processor who provided Defendant with warnings and information concerning FACTA compliance and specifically truncation of expiration dates on credit card receipts.

19. Upon information and belief, Defendant was warned and advised of credit card expiration date truncation requirements by its credit card companies, MasterCard, and VISA through merchant updates, online tutorials and other published materials.

20. Among the provisions of the FACTA that are designed to help prevent identity theft is a provision prohibiting businesses accepting credit cards from printing the last five digits of the card number or the expiration date on any receipt provided to the cardholder at the point of the sale or transaction. The idea behind this enactment was that receipts are often lost or thrown out, with the result that enterprising "dumpster divers" can easily retrieve receipts, find out a cardholder's credit card information, and run up charges or otherwise misuse this information to the cardholder's severe detriment. The statute is designed to provide just enough data on the receipt for the use of the cardholder and business, without giving away critical identifying portions

## THE EXPERIENCE OF THE CLASS PLAINTIFF

21. On May 15, 2011, Plaintiff made a purchase at Defendant's store location, Edgewood Thrift, located at 1955 Pulaski Highway, Edgewood, MD 21040, and used her credit card to pay for the purchase. The receipt provided to Plaintiff by Defendant included the last four (4) digits of her credit card, the first four (4) digits of her credit card and the unredacted credit card expiration date, and the date and time of transaction. (See **Exhibits 1, 2, and 3** attached hereto and incorporated herein by reference.)

22. On August 21, 2011, Plaintiff made a purchase at Defendant's store location, Edgewood Thrift, located at 1955 Pulaski Highway, Edgewood, MD 21040, and used her credit card to pay for the purchase. The receipt provided to Plaintiff by Defendant included the last four (4) digits of her credit card, the first four (4) digits of her credit card and the unredacted credit card expiration date, and the date and time of transaction. (See **Exhibits 1, 2, and 3** attached hereto and incorporated herein by reference.)

23. On October 30, 2011, Plaintiff made a purchase at Defendant's location, Edgewood Thrift, located at 1955 Pulaski Highway, Edgewood, MD 21040, and used her credit card to pay for the purchase. The receipt provided to Plaintiff by Defendant included the last four (4) digits of her credit card, the first four (4) digits of her credit card and the unredacted credit card expiration date, and the date and time of transaction. (See **Exhibits 1, 2, and 3** attached hereto and incorporated herein by reference.)

24.     At all relevant times, Defendant was acting by and through its agents, servants and/or employees each of whom acted within the scope of their authority, agency or employment, and under the direct supervision and control of the Defendant.

25.     At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was willful within the meaning of the FCRA.

## CLASS ACTION ALLEGATIONS

26.     Plaintiff brings this action individually and as a class action for Defendant's violation(s) of section 1681c(g) of the FCRA, pursuant to Rules 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure, on behalf of the following Class:

> All persons nationwide to whom, within two (2) years from the date of filing this Complaint (the "Class Period"), Defendants provided an electronically printed receipt that included the person's credit card or debit card expiration date.

27.     The Class is so numerous that joinder of all members is impracticable. On information and belief, the estimated number of Class member, nationwide is in excess of 1,000 individuals.

28.     The claims of the representative party are typical of the claim or claims of the Class.

29.     There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. The questions include, but are not limited to:

   a) Whether the Defendant willfully violated Section 1681c(g) of the FCRA by failing to provide consumers, who used their credit and debit cards in point of sale transaction(s) with Defendant, with electronically printed receipts that complied with the Receipt Provision; and

   b) The appropriate measure of damages sustained by Plaintiff and other members of the Class.

7

30. Plaintiff, as a representative party will fairly and adequately protect the interests of the Class. Plaintiff's claims are typical of the claims of the Class, which arise from the same operative facts and are based on the same legal theories.

31. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff is committed to vigorously litigating this matter. Further, Plaintiff has secured counsel experienced in handling consumer class actions. Neither Plaintiff nor her counsel has any interest(s) that might cause them to fail to vigorously prosecute this claim.

32. This action should be maintained as a class action because the prosecution of separate actions by individual members of the Class will create a risk of inconsistent or varying adjudications with respect to individual members which will establish incompatible standards of conduct for the parties opposing the Class, as well as a risk of adjudications with respect to individual members which will as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

33. Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunction relief or corresponding declaratory relief with respect to the Class as a whole.

34. A class action is a superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small as the maximum statutory damages are limited to $1,000.00 under the FCRA. Management of the Class claims is likely to present significantly fewer difficulties than those presented in many individual claims. The identities of the Class members may be obtained from Defendants' records.

## COUNT ONE – FCRA/FACTA

## 15 U.S.C. §1681c(g)

35. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

36. During the Class Period, Plaintiff and members of the Class were provided receipts by Defendant that failed to comply with the Receipt Provision. (See **Exhibits 1, 2, and 3** attached hereto and incorporated herein by reference.)

37. Defendant knew about both the Receipt Provision as well as the need to comply with said provision.

38. On information and belief, VISA, Mastercard, PCI Security Standards Council (a consortium founded by VISA, MasterCard, Discover, American Express and JCB), companies that sell cash register and other machines or devices that process credit and debit card payments, and/or other entities informed Defendant about FACTA, including its specific requirements concerning the truncation of credit card numbers and expiration dates on receipts provided to consumers.

39. Upon information and belief, Defendant was expected by VISA, MasterCard, and other credit card companies to comply with the Receipt Provision.

40. Notwithstanding the significant amount of time to prepare for the effective date of FACTA and its accompanying provisions, including but not limited to the Receipt Provision; knowledge of the Receipt Provision and FACTA as a whole; the expectations of VISA, MasterCard and other credit card companies; and, the general compliance by the majority of Defendant's peers and competitors, Defendant willfully violated the FCRA.

41. Defendant's violations of the FCRA expose Plaintiff and members of the Class to an elevated risk of identity theft. *51 A.L.R. Fed. 2d 273*.

42. As a result of Defendant's willful violations of the FCRA and FACTA, Defendant is liable to Plaintiff and members of the Class for statutory, and punitive damages pursuant to 15 U.S.C. § 1681n.

## JURY DEMAND

43. Plaintiff is entitled to and hereby demands a trial by jury on all issues of fact so triable. *U.S. Const. Amend. 7. Fed.R.Civ.P. Rule 38*.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in favor of herself and the Class for the following relief:

a) An order certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and his counsel to represent the Class;

b) Statutory damages for willful violation of the FCRA in an amount between $100.00 and $1,000.00 per Class member;

c) Punitive damages in an amount to be determined at trial;

d) Costs and reasonable counsel fees pursuant to 15 U.S.C. § 1681n of the FCRA;

e) An order directing Defendant to electronically print receipts from point of sales transactions in compliance with 15 U.S.C. §1681c(g); and

f) Such other and further relief as may be necessary, just and proper.

Respectfully submitted,

PATRICIA R. SMITH, on behalf of herself
And others similarly situated

By: GERALD M. RICHMAN, P.A.


By: _____/s/_____
    Gerald M. Richman, Esquire  #00952
    3440 Ellicott Center Drive, Suite 101
    Ellicott City, Maryland 21043-4169
    410-465-6666          Fax: 410-465-8964
    Email: gmrpalaw@aol.com


By: _____/s/_____
    Thomas J. Lyons, Jr. Esquire
    (signed by Gerald M. Richman with permission of
    Thomas J. Lyons, Jr.)
    MN Attorney I.D. #0249646
    CONSUMER JUSTICE CENTER, P.A.
    367 Commerce Court
    Vadnais Heights, MN 55127
    Telephone:  (651) 770-9707
    Facsimile:  (651) 704-0907
    Email:  tommycjc@aol.com
    TO BE ADMITTED PRO HAC VICE

**ATTORNEYS FOR PLAINTIFF**

Dated this 21st day of August 2013.


C:\data\LYONS\Complaint-Final-082113.doc