FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2015 JAN 21 PM 2: 30

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| PATRICIA R. SMITH, on behalf of herself and others similarly situated, ) ) ) ) Plaintiff, ) ) v. ) ) THRIFT STORES OF WASHINGTON, ) D.C., INC. d/b/a THRIFT STORES ) INCORPORATED d/b/a EDGEWOOD ) THRIFT, ) ) Defendant. ) | Case No. 1:13-cv-02455-BPG |

## FINAL JUDGMENT APPROVING SETTLEMENT AND CERTIFYING SETTLEMENT CLASS

Upon review and consideration of the Settlement Agreement dated August 20, 2014 (the "Settlement Agreement"), by and between Plaintiff Patricia R. Smith (hereinafter "Representative Plaintiff" or "Named Plaintiff") and Defendant Thrift Stores of Washington D.C., Inc. d/b/a/ Thrift Stores Incorporated d/b/a Edgewood Thrift (hereinafter "Defendant"), the memoranda and arguments of counsel, and the lack of any objections to the settlement,

IT IS HEREBY ORDERED and ADJUDGED as follows:

1. The parties' Joint Motion for Order Approving Settlement Agreement and Certifying the Rule 23 Settlement Class is GRANTED.

2. The Settlement Agreement (ECF Doc. 35) that resolves the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* and the Fair and Accurate Credit Transactions Act ("FACTA") claims of the Named Plaintiff and all those Class Members who filed a Settlement Claim and Release of Claims Form is APPROVED as a reasonable and fair compromise of the

claims of the Named Plaintiff and all those Class Members who filed a Settlement Claim and Release of Claims Form.

3. Furthermore, and pursuant to Fed. R. Civ. P. 23, the Court approves the settlement of this action, as embodied in the terms of the Settlement Agreement, and finds that the Settlement is, in all respects, fair, reasonable, and adequate and in the best interest of the Class Members in light of the factual, legal, practical, and procedural considerations raised by this case. The Settlement Agreement is the product of good faith arms-length negotiations by the Parties, each of whom was represented by experienced counsel. The Settlement Agreement is incorporated by reference into this Order (with capitalized terms as set forth in the Settlement Agreement), is hereby adopted as an Order of this Court, and becomes part of the final judgment in this action. In the event of a conflict between the text of this Order and the text of the Settlement Agreement, the text of the Settlement Agreement shall prevail.

4. For the purpose of the settlement, as addressed further below, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), the Court hereby finally certifies the following Class defined as follows:

> All persons who, during the time period from August 21, 2011, through December 19, 2011, inclusive, used a personal credit or debit card at one of the seventeen (17) Thrift Stores and received a "customer" copy of a receipt that contained the credit or debit card's unredacted expiration date.

5. The Court finds that the notice previously given to Class Members was in compliance with the Rule 23 Preliminary Approval Order dated October 1, 2014 (ECF No. 43), and constituted the best notice practicable under the circumstances and satisfy the requirements of due process and Fed. R. Civ. P. 23.

6.  The Court finds that no Class Members have elected to exclude themselves from the settlement.

7.  The Court appoints Patricia Smith as the Representative Plaintiff of the Class and finds that she meets the requirements of Fed. R. Civ. P. 23(a)(4).

8.  The Court appoints the following lawyer as Class Counsel, and finds that this counsel meets the requirements of Fed. R. Civ. P. 23(a)(4):

> Thomas J. Lyons, Jr., Esq.
> Consumer Justice Center, P.A.
> 367 Commerce Court
> Vadnais Heights, MN 55127

9.  The Court further finds that all the requirements for class certification are met in this case:

### a. The Prerequisites of Fed. R. Civ. P. 23:

Fed. R. Civ. P. 23(a) requires the following four threshold elements be met in order for a class to qualify for certification: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

**Fed. R. Civ. P. 23(a)(1) (numerosity)**: The proposed Class in this action consists of approximately 125,000 potential individuals. This Court finds the Class is so numerous that joinder would be impracticable in this case. Thus, the Court funds that the numerosity requirement under Fed. R. Civ. P. 23(a)(1) is satisfied.

**Fed. R. Civ. P. 23(a)(2) (commonality of facts and law)**: Named Plaintiff alleges in this case that Defendant violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* and the Fair and Accurate Credit Transactions Act ("FACTA"). Defendant disputes

3

Named Plaintiff's assertions and denies liability. The Court finds that a determination of the legality of Defendant's consumer practices with respect to the Named Plaintiff as well as the other Class Members concerns common questions of law and fact. As such the Court funds the requirements of Fed. R. Civ. P. 23(a)(2) are satisfied.

**Fed. R. Civ. P. 23(a)(3) (typicality of claims and defenses):** This factor focuses on the consideration of whether the Named Plaintiff's interests are truly aligned and consistent with those of the absent Class Members. In this case, the Named Plaintiff's claims are identical to the claims asserted for every other Class Member, and all arise from the printing of receipts containing unredacted credit card expiration dates, which Named Plaintiff alleges does not comply with FCRA and FACTA. Furthermore, the defenses to liability are similar as to every Class member. Thus, the Court funds that the requirement of typicality under Fed. R. Civ. P. 23(a)(3) is satisfied.

**Fed. R. Civ. P. 23(a)(4) (adequate representation):** The Named Plaintiff's claims are not conflicting or inconsistent with any Class Member's claims. Moreover, the Court funds that Named Plaintiff is represented by able counsel with extensive experience in class action litigation, who has adequately represented the interests of the Class. Thus, the Court finds that the requirement of adequate representation under Fed. R. Civ. P. 23(a)(4) is satisfied.

### b. Requirements of Fed. R. Civ. P. 23(b):

After the requirements of Fed. R. Civ. P. 23(a) are satisfied, the Court must determine pursuant to Fed. R. Civ. P. 23(b) whether this case may be maintained as a class action under Fed. R. Civ. P. 23(b)(1), (b)(2), or (b)(3).

**Fed. R. Civ. P. 23(b)(3):** This Court finds that the allegations in this case focus on alleged uniform and consistent policies and practices and that there are common, overriding legal

4

claims held by all Class Members regarding whether they were wrongfully provided with receipts containing unredacted credit card information. The Court further finds that the pursuit of numerous individual cases, which would be essentially identical, would be a waste of judicial time and resources. In summary, common questions predominate over individualized questions and a class action suit is the superior vehicle to efficiently adjudicate this lawsuit. Class certification under Fed. R. Civ. P. 23(b)(3) is appropriate.

10. After due consideration of the state of the proceedings and the posture of the case at the time settlement was proposed; the circumstances surrounding settlement negotiations; the experience of counsel; the relative strength of Plaintiff's case on the merits; the existence of difficulties of proof and defenses Plaintiff would be likely to encounter if the case went to trial; the anticipated duration and expense of additional litigation; the solvency of Defendant and the likelihood of recovery on a litigated judgment; the lack of opposition to the settlement; the absence of any opt-outs from this settlement by Class Members; the lack of any objections to this settlement; all written submissions, affidavits, and arguments of counsel; and after notice and a hearing; this Court finds that the settlement is fair, adequate, and reasonable. Accordingly, the Settlement Agreement should be and is approved and shall govern all issues regarding the settlement and all rights of the parties to this settlement, including Class Members. Each Class Member shall be bound by the Agreement, including the releases in the Settlement Agreement.

11. The parties are hereby ORDERED promptly to carry out their respective obligations under the Settlement Agreement.

12. In addition, and in according with paragraph 6(b) of the Agreement, Defendant is hereby DIRECTED to make payment of the agreed-upon $105,000.00 in attorney's fees and costs

to Consumer Justice Center, P,.A. Consumer Justice Center, P.A. is DIRECTED to provide Defendant with a properly executed IRS Form W-9.

13. In addition, Defendant is hereby DIRECTED to make payment not to exceed $23,294.30 in administration fees and costs to Analytics, LLC.

14. In accordance with the Agreement, and in accordance with paragraph 6(a), Defendant is hereby DIRECTED to make a service payment of $12,000.00 to named Plaintiff Patricia Smith's estate and to Rita Beam.

15. All Released Claims of each Opt-In Claimant (as that term is defined in the Settlement Agreement) are hereby dismissed with prejudice.

16. All Released Claims of the Class Representative (as that term is defined in the Settlement Agreement) are hereby dismissed with prejudice.

17. All Released Claims of each Thrift Stores Settlement Class member (as that term is defined in the Settlement Agreement), including those who have not opted into this litigation, are hereby dismissed with prejudice.

18. Each and every Opt-In Claimant is permanently enjoined from bringing, joining, assisting in, or continuing to prosecute against any of the Released Parties (as that term is defined in the Settlement Agreement) for any of the Released Claims in paragraph 8 of the Settlement Agreement, including but not limited to, claims under the FCRA and FACTA.

19. The Named Plaintiff is permanently enjoined from bringing, joining, assisting in, or continuing to prosecute against any of the Released Parties (as that term is defined in the Settlement Agreement) for any of the Released Claims in paragraph 8 of the Settlement Agreement, including but not limited to, claims under the FCRA and FACTA.

20.  Each and every Thrift Stores Settlement Class member (as that term is defined in the Settlement Agreement) is permanently enjoined from bringing, joining, assisting in, or continuing to prosecute against any of the Released Parties (as that term is defined in the Settlement Agreement) for any of the Released Claims in paragraph 8, including but not limited to claims under the FCRA and FACTA.

21.  This Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of the Settlement Agreement. The Court further retains jurisdiction to enforce this Order entered this day.

Dated: January 21, 2015

Hon. Beth P. Gesner
U.S. Magistrate Judge
U.S. District Court for the
District of Maryland